# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ESTEBAN HERNANDEZ,

        Plaintiff,

  v.

HOWELL, *et al.,*

        Defendants.

Case No. 2:18-cv-01449-MMD-CLB

**ORDER**

Before the court is Plaintiff Esteban Hernandez's ("Hernandez") motion for leave to file an amended complaint (ECF No. 37). Defendants Romeo Aranas, James Dzurenda, and Jerry Howell (collectively referred to as "Defendants"), filed a limited opposition to the motion (ECF No. 38), and Hernandez replied (ECF No. 48). Also before the court is Hernandez's motion for clarification (ECF No. 45). No response was filed. For the reasons discussed below, the motion for leave to file an amended complaint (ECF No. 37) and the motion for clarification (ECF No. 45) are granted.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Hernandez is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On August 3, 2018, Hernandez filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Hernandez was incarcerated at the Southern Desert Correctional Center ("SDCC"). (ECF No. 5.) On December 2, 2019, the District Court entered a screening order on Hernandez's complaint (ECF No. 4), allowing Hernandez to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants based on denial of treatment for hepatitis C ("hep-C"). (*See id.* at 6.) The District Court dismissed, with prejudice, all claims against Defendants NDOC and SDCC. (*Id.*) The District Court also dismissed, without prejudice, an Eighth Amendment violation based on failure to inform Hernandez that he had tested positive for hep-C and conduct follow-up testing. (*Id.*)

Around the same time Hernandez filed his complaint, many other individuals in the custody of the NDOC filed similar actions alleging that NDOC's policy for treating hep-C amounts to deliberate indifference in violation of the Eighth Amendment. (*See* ECF No. 6.) Thus, the court consolidated numerous actions, including Hernandez's case, for the purpose of conducting consolidated discovery. (*See* ECF No. 7.) Hernandez opted to be excluded from the class action, but his case remained stayed through the pendency of the class action. (*See* ECF No. 10.) On September 2, 2020, the stay was lifted in this case. (ECF No. 12.)

On December 11, 2020, Hernandez filed an amended complaint, without first seeking leave of court. (ECF No. 32.) Thus, the court struck the improperly filed complaint, with leave to re-file the amended complaint with an accompanying motion requesting to do so as required in accordance with LR 15-1(a). (ECF No. 34.) On December 21, 2020, Defendants filed their notice of acceptance of service for the original complaint. (ECF No. 33.) Defendants filed their answer on December 31, 2020. (ECF No. 35.) On January 12, 2021, Hernandez filed his motion for leave to file an amended complaint (ECF No. 37), along with his proposed amended complaint (ECF No. 37-1). Defendants filed a limited opposition to Hernandez's motion for leave to amend complaint (ECF No. 38) and Hernandez replied (ECF No. 48).

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives

greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**III.   DISCUSSION**

    **A.   Motion for Leave to File Amended Complaint**

Hernandez moves to amend his complaint to add two additional defendants, Dr. Henry Landsman and Medical Director Michael Minev, to his Eighth Amendment deliberate indifference claim. (*See* ECF Nos. 37, 37-1.) In Defendants' limited opposition, they first incorrectly state that Hernandez's motion is improper because he did not attach a proposed amended complaint. (ECF No. 38 at 1.) Defendants only other argument is that amendment would be futile because Hernandez "has not alleged facts sufficient to show that he was subjected to a deficient medical care sufficiently severe to meet the objective prong of the Eighth Amendment" or "that Defendants were aware of any such condition and were deliberately indifferent to his plight." (*Id.* at 3-4.) Further, Defendants request that if the court is inclined to grant the motion, that the amended complaint be screened.

Having reviewed Hernandez's proposed amended pleading, the court finds that the motion for leave to an amended complaint (ECF No. 37) should be granted, in its

entirety as it is not made in bad faith, would not cause undue delay to the litigation, is not prejudicial to defendants, and it is Hernandez's first amended pleading. *See Eminence Capital, LLC*, 316 F.3d at 1052. Further, the court finds that Hernandez's amended complaint is not futile, because, liberally construed, he provides sufficient allegations that Defendants Landman and Minev were personally involved or aware of his hep-C but denied treatment in violation of the Eighth Amendment. (*See* ECF No. 37-1.)[1]

As to Defendants request that the amended complaint be screened, the court declines to do so. 28 U.S.C. § 1915A requires screening of a prisoner's complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint. To be perfectly clear, courts in this district screen complaints and amended complaints at the pre-answer stage. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the Prison Litigation Reform Act's mandate for "early judicial screening." *Jones v. Bock*, 549 U.S. 119, 223 (2007); *see also Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage"). The decision to engage in post-answer court screening is made on a case-by-case basis. The present case, which consists of a single deliberate indifference count, with only a few defendants, is not the type of case that warrants post-answer screening. Hernandez is simply seeking leave to add two new defendants to the single claim and screening is unnecessary.

///

///

---

[1] To the extent Hernandez is attempting to name NDOC and SDCC as defendants in his amended complaint, those defendants were already dismissed, with prejudice, as they are not proper defendants. (ECF No. 4.)

### B. Motion for Clarification

Hernandez also filed a "Motion for Clarification", which consists of a series of questions Hernandez asks the court to address. (*See* ECF No. 45.) Defendants did not respond. The court will grant the motion, as many of Hernandez's questions are addressed by the present order. As to Hernandez's questions concerning appointment of counsel and the docket sheet for this case, the Clerk of the Court shall send Hernandez one copy of the docket sheet and one copy of the court's order (ECF No. 44), denying his motion for appointment of counsel.

## IV. CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that Hernandez's motion for leave to file an amended complaint (ECF No. 37) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **FILE** the amended complaint (ECF No. 37-1), which is the operative complaint in this case;

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file notice advising the court and Hernandez of whether it can or cannot accept service on behalf of defendants Landsman and/or Minev. If the Attorney General's Office cannot accept service on behalf of Landsman and/or Minev, the Office shall file, under seal, but shall not serve Hernandez, the last known addresses of Landsman and/or Minev, if it has such information. If the last known addresses of Landsman and/or Minev are a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for Landsman and/or Minev, Hernandez shall file a motion requesting issuance of a summons, specifying a full name and address for Landsman and/or Minev. If the Attorney General has not provided last-known-address information, Hernandez shall provide the full name and address for Landsman and/or Minev;

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the amended complaint within sixty (60) days from the date of this order;

**IT IS FURTHER ORDERED** that Hernandez's motion for clarification (ECF No. 45) is **GRANTED**; and,

**IT IS FURTHER ORDERED** that the Clerk of Court shall **SEND** Hernandez a copy of the docket sheet and a copy of the order on appointment of counsel (ECF No. 44).

**DATED**: April 26, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**