AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail:  drands@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas, James Dzurenda*
*and Jerry Howell*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>            Plaintiff,<br><br>vs.<br><br>WARDEN HOWELL, et al.,<br><br>           Defendants. | Case No.  2:18-cv-01449-MMD-CLB<br><br>**ORDER GRANTING<br>MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION (ECF NO. 42)** |

      Defendants, Romeo Aranas, James Dzurenda and Jerry Howell, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby move this Court for an extension of time to file dispositive motions.  (ECF No. 42) This Motion is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and such other and further information as this Court deems appropriate.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTUAL HISTORY**

      Plaintiff, Esteban Hernandez, (Plaintiff) is an inmate under the custody of the Nevada Department of Corrections, and currently housed in the Southern Desert Correctional Center (SDCC).  Plaintiff alleges that in 2006, he was diagnosed with hepatitis C, but he was not notified of the diagnosis until 2012. (ECF No. 1-1 at 4)   He claims the medical staff of the NDOC failed to do yearly testing to monitor Plaintiff's HEP C. (Id.) Plaintiff claims the defendants refused to treat his HEP C because he wasn't sick enough. (Id. at 3) Plaintiff contends that his condition continues

1

to worsen because he is not receiving treatment, and he has suffered mental, emotional, and physical damage. (Id. at 4).

Based on these allegations, Plaintiff sues Warden Howell, Dr. Aranas, James Dzurenda, NDOC, and SDCC. He raises a single claim under the Eighth Amendment for deliberate indifference to his serious medical needs, seeking monetary damages and additional treatment. (Id. at 4, 9)

On Screening, Plaintiff was allowed to proceed an Eighth Amendment violation based on his current claim of failure to treat his HEP C against Defendants Howell, Aranas and Dzurenda. (ECF No. 4 at 6:9)   On February 17, 2021, this Court issued a scheduling order.  (ECF No. 42). The scheduling order set forth a date of June 17, 2021 for the filing of dispositive motions. Subsequent, Plaintiff filed an amended complaint on April 26, 2021.  (ECF No. 50).  He also filed a motion for scheduling conference.  (ECF No. 52).  This Court has scheduled a motion hearing for June 30, 2021.  (ECF No. 56).  As this is after the deadline for dispositive motion in this case, the Defendants request an extension of time for filing dispositive motions until after the motion hearing.  Judicial resources would be better spent by having a briefing period after the additional discovery period, if ordered by this Court at the motion hearing.

## II.   LEGAL ANALYSIS

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' request is timely and will not hinder or prejudice Plaintiff's case, but will allow for a thorough opportunity to brief a dispositive motion.  The requested extension of time should permit the Defendants time to adequately research, draft, and submit a well briefed dispositive motion in this case.  Defendants assert that the requisite good cause is present to warrant the requested extension of time.  In light of

this situation, it is respectfully asserted that a short extension is warranted. This is particularly true if the Court is favorably disposed to Plaintiff's request for additional time.

### III.   CONCLUSION

Defendants asserts that the requisite good cause and extenuating circumstances are present to warrant the requested extension of time. Therefore, the Defendants requests an extension of time to file their dispositive motion, from the current deadline of June 17, 2021, until following the motion hearing.

DATED this 14th day of June, 2020.

AARON D. FORD
Attorney General

By:   */s/ Douglas R. Rands*
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General

*Attorneys for Defendants*

**Good cause appearing, the court grants the motion. The court will enter new deadlines applicable to this case, including the dispositive motion deadline, at the motion hearing set for June 30, 2021.**

**IT IS SO ORDERED.**

Dated: June 14, 2021

_____
Carla Baldwin
United States Magistrate Judge

3