UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESTEBAN HERNANDEZ, | Case No. 2:18-cv-01449-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| WARDEN HOWELL, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

*Pro se* Plaintiff Esteban Hernandez, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Romeo Aranas, James Dzurenda, Henry Landsman, Michael Minev, and Jerry Howell (collectively, "Defendants"). (ECF No. 50.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 120), recommending the Court grant Defendants' motion for summary judgment (ECF No. 102 ("Motion")[1]) on Plaintiff's Eighth Amendment deliberate indifference to medical needs claim. Plaintiff filed an objection to the R&R (ECF No. 123 ("Objection")), to which Defendants responded (ECF No. 124). Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion and because Plaintiff fails to meet his evidentiary burden, the Court will accept and adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion.

**II.  BACKGROUND**

The Court incorporates by reference Judge Baldwin's description of the case's factual background and procedural history provided in the R&R, which the Court adopts.

---

[1]The Court reviewed the parties' response and reply. (ECF Nos. 110, 112.)

(ECF No. 120 at 1-4.)

## III. DISCUSSION

Judge Baldwin recommends that Defendants' Motion be granted because Defendants offer "authenticated evidence that establishes [Defendants] affirmatively monitored and ultimately treated [Plaintiff]'s Hep-C." (*Id.* at 12.) Judge Baldwin found that no genuine issue of material fact exists as to Plaintiff's deliberate indifference claim. (*Id.* at 12-13.) Specifically, Plaintiff failed to show that Defendants' alleged delay in treatment specifically caused him further harm (*e.g.*, cirrhosis of the liver) or that Defendants deliberately denied, delayed, or intentionally interfered with Plaintiff's treatment plan. (*Id.*) Plaintiff objects to Judge Baldwin's findings and recommendation, appearing to argue that: (1) the differences in medical opinions between two doctors who treated him create a genuine issue of material fact as to Defendants' deliberate indifference; and (2) NDOC staff took an unreasonably long time to test and treat Plaintiff's Hep-C. (ECF No. 123 at 3-9.)

Neither of Plaintiff's arguments is persuasive. First, Plaintiff offers no evidence creating an issue of fact as to whether Defendants knew of, and deliberately disregarded, an excessive risk to Plaintiff's health. (ECF No. 120 at 13.) Defendants proffer undisputed evidence—including several declarations and lab reports—documenting the extended, routine medical treatment Plaintiff received while incarcerated. (*Id.* at 9-12.) Plaintiff has seen prison doctors and outside physicians on numerous occasions. (*Id.*) In his Objection, Plaintiff relies on many of the same lab reports to support his arguments. (ECF No. 123 at 18-19, 39-51.) Plaintiff urges the Court to deny Defendants' Motion because two doctors who treated him—Dr. Brian Vicuna and Dr. Carducci—appear to have disagreed as to whether to order a biopsy to determine the "extent of cancer" on a "tumor" detected in a CT scan of Plaintiff's abdomen. (ECF Nos. 110 at 25, 120 at 12, 123 at 3.) As Judge Baldwin found, Plaintiff's medical records do not show he had a cancerous tumor or cirrhosis of the liver; Plaintiff had a hepatic nodule that was likely benign, which multiple doctors confirmed in follow-up visits. (ECF Nos. 104-3 (sealed), 104-4 (sealed), 104-7

(sealed), 104-8 (sealed), 120 at 13.) While it is true that Dr. Vicuna initially recommended a biopsy during Plaintiff's March 2019 visit, the lab report for that same visit also indicated that Plaintiff's liver, portal veins, gallbladder, spleen, pancreas, adrenals, kidneys, distal esophagus, and stomach were all "normal." (ECF Nos. 104-3 (sealed), 120 at 10.) Furthermore, Plaintiff received in total three MRI scans of his abdomen area to inspect this nodule, and NDOC later approved a follow-up oncology appointment in July 2019. (ECF Nos. 104-3 (sealed), 104-4 (sealed), 104-6 (sealed), 120 at 10.) After multiple follow-up appointments concerning Plaintiff's hepatic nodule, Dr. Carducci's decision to forego a biopsy due to the nodule's benign nature does not contradict Dr. Vicuna's findings or any subsequent treatment. In any event, evidence of differing medical opinions between two doctors does not create an issue of fact as to whether Defendants knew of, and deliberately disregarded, an excessive risk to Plaintiff's health. *See*, *e.g.*, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of [medical] opinion does not amount to deliberate indifference to [a prisoner's] serious medical needs.") (citing *Estelle v. Gamble*, 429 U.S. 107 (1976)).

To the extent Dr. Carducci's decision to forego a biopsy was negligent, that medical decision alone does not amount to deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 2010) ("Mere negligence is not sufficient to establish [Eighth Amendment] liability."); *Estelle*, 429 U.S. at 105-06 (noting that "an inadvertent failure to provide adequate medical care," without more, is insufficient to constitute deliberate indifference); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (recognizing deliberate indifference as "lying somewhere between . . . negligence . . . and purpose or knowledge").

Additionally, Plaintiff fails to "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (requiring a showing of harm caused by the indifference). In his Objection, Plaintiff argues Defendants unreasonably delayed routine Hep-C testing, resolution of his kites and grievances, and

follow-up appointments while in NDOC's custody. (ECF No. 123 at 5-7.) However, as Judge Baldwin and Defendants note, Plaintiff offers no evidence showing that the alleged delays in treatment specifically caused Plaintiff to develop cirrhosis or other medical harms. (ECF Nos. 120 at 13, 124 at 5.) To the extent Plaintiff disagreed with Defendants' choice and timeline of Hep-C treatment, mere disagreement about the course of treatment does not amount to deliberate indifference under the Eighth Amendment. *See Toguchi v. Chong*, 391 F.3d 1051, 1058 (9th Cir. 2004) (recognizing that "mere difference of medical opinion" is not enough to establish deliberate indifference) (internal quotation marks and citation omitted); *Sanchez*, 891 F.2d at 242.

After conducting *de novo* review, the Court agrees with Judge Baldwin's determination that Plaintiff fails to establish a genuine issue of material fact as to whether Defendants deliberately denied, delayed, or intentionally interfered with Plaintiff's medical treatment and whether such a delay caused him harm. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2022) (explaining the "deliberate indifference" prong of its two-part Eighth Amendment analysis); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."). Accordingly, the Court adopts Judge Baldwin's recommendation that Defendants' Motion be granted as to Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need.[2]

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

///

---

[2] Judge Baldwin declined to address Defendants' personal participation and qualified immunity arguments because Plaintiff's claim fails on the merits. (ECF No. 120 at 14 n.4.) The Court also need not address those arguments for the same reasons.

It is therefore ordered that Plaintiff's objection (ECF No. 123) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 120) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 102) is granted.

It is further ordered that the Clerk of Court enter judgment in Defendants' favor and close this case.

DATED THIS 5th Day of December 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE